OSCN Found Document:ESTENSON LOGISTICS v. HOPSON

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 ESTENSON LOGISTICS v. HOPSON
2015 OK CIV APP 71
Case Number: 113572
Decided: 08/20/2015
Mandate Issued: 09/24/2015
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2015 OK CIV APP 71, __ P.3d __

 

ESTENSON LOGISTICS and NATIONAL INTERSTATE INSURANCE COMPANY, Petitioners,
v.
RAY VINSON HOPSON and THE WORKERS' COMPENSATION COMMISSION, Respondents.

PROCEEDING TO REVIEW AN ORDER OF
THE WORKERS' COMPENSATION COMMISSION

AFFIRMED

Kevin E. McCarty, Blake Farris, McCARTY & ASSOCIATES, P.L.L.C., Oklahoma City, Oklahoma, for Petitioners,
Daniel Davis, Ryan William Polchinski, LAW OFFICE OF DAN DAVIS, Oklahoma City, Oklahoma, for Respondents.

BRIAN JACK GOREE, PRESIDING JUDGE:

¶1 Petitioners, Estenson Logistics and National Interstate Insurance Company (collectively Employer), seek review of an order of the Workers' Compensation Commission which affirmed the decision of its administrative law judge (1) finding that Respondent Ray Vinson Hopson (Claimant) sustained a compensable injury and (2) granting authorization for surgery. Pursuant to 85A O.S. Supp. 2013 §78(C), we review the Commission order under the deferential standard of review applicable to administrative agency decisions. We hold the order is neither in excess of the Commission's statutory authority nor clearly erroneous in view of the reliable, material, probative, and substantial competent evidence.

I.

Background

¶2 The parties agree that Claimant had degenerative joint disease for which hip replacement surgery had been advised. However, Claimant chose to delay the hip surgery as long as he could, and was able to continue working. He walked independently with a small limp, and satisfactorily performed his job duties loading, unloading, and driving trucks for Employer. On February 6, 2014, he slipped on ice inside a truck. Four days later he went to the emergency room complaining of hip pain. The hospital records indicated that Claimant had "chronic changes of the left hip" with a "superimposed acute comminuted fracture of the left femoral head."

¶3 Claimant followed up with an orthopedist who opined that Claimant already had post collapse osseous necrosis of the left hip before his fall, but that there was likely "some degree of exacerbation that happened with the fall." He opined that Claimant needed total hip replacement surgery in order to get "good predictable pain relief."

¶4 Employer's evaluating doctor opined that Claimant had resolved any exacerbation and had no permanent anatomic abnormality resulting from the accident. Claimant's evaluating doctor opined that Claimant had "acute traumatic injury to the left hip resulting in anatomical abnormalities due to ... possible previous injury and/or avascular necrosis and a superimposed acute comminuted fracture of the femoral head." He noted that prior to the fall, Claimant was asymptomatic and able to work with no restrictions. He opined that the employment-related accident was the major cause of Claimant's comminuted fracture of the left femoral head.

¶5 After an evidentiary hearing on Claimant's request for compensation and authorization for treatment, the ALJ entered an order making extensive findings of fact and conclusions of law. Citing Dr. Mitchell's finding of "some degree of exacerbation," the historical medical records, Claimant's testimony, and the opinion of Claimant's evaluating doctor, the ALJ concluded that there was a clearly identifiable and significant aggravation of Claimant's pre-existing condition so as to overcome the exclusion of pre-existing conditions from compensable injuries under 85A O.S. Supp. 2013 §2(9)(b)(6). In addition, the ALJ found that the presence of acute fractures overcame the exclusion for strain or degeneration resulting from the degenerative process under §2(9)(b)(5). The ALJ directed Employer to provide reasonable and necessary care, including surgery, to Claimant, as well as temporary total disability compensation.

¶6 Employer requested that the Commission review the ALJ's order. The Commission affirmed the ALJ's decision, and Employer appeals from that order.

II.

Standard of Review

¶7 The Legislature recently converted the workers' compensation system in Oklahoma from judicial to administrative by adopting the Administrative Workers' Compensation Act. Laws 2013, c. 208. In doing so, the Legislature implemented the following standard of judicial review for Commission decisions:

The Supreme Court may modify, reverse, remand for rehearing, or set aside the judgment or award only if it was:
1. In violation of constitutional provisions;
2. In excess of the statutory authority or jurisdiction of the Commission;
3. Made on unlawful procedure;
4. Affected by other error of law;
5. Clearly erroneous in view of the reliable, material, probative and substantial competent evidence;
6. Arbitrary or capricious;
7. Procured by fraud; or
8. Missing findings of fact on issues essential to the decision.

85A O.S. Supp. 2013 §78(C).

¶8 This standard of review is substantially the same as that provided for the judicial review of final agency decisions in individual proceedings under the Administrative Procedures Act (APA), 75 O.S. 2011 §322(1). Therefore, we are guided by case law under the APA in understanding our role in appeals from the Commission. On review of an administrative decision, we may only disturb the decision if one of the statutory grounds is shown. Young v. State ex rel. Dep't of Human Servs., 2005 OK CIV APP 58, ¶12, 119 P.3d 1279, 1284. We are not entitled to substitute our judgment for that of the agency as to the weight of the evidence on fact questions. Id. On fact issues we will examine the record only to determine if the evidence supportive of the order possesses sufficient substance as to induce a conviction as to the material facts. Union Texas Petroleum v. Corp. Com'n of State of Okl., 1981 OK 86, ¶31, 651 P.2d 652, 662.

III

Analysis

¶9 Employer's first contention is that the Commission erred in finding Claimant sustained a compensable injury. A compensable injury is "damage or harm to the physical structure of the body ... caused solely as the result of either an accident, cumulative trauma or occupational disease arising out of the course and scope of employment." 85A O.S. Supp. 2013 §2(9)(a). It does not include "any strain, degeneration ... resulting from the natural results of ...degenerative process including ... degenerative joint disease....", or "any preexisting condition except when the treating physician clearly confirms an identifiable and significant aggravation incurred in the course and scope of employment." 85A O.S. Supp. 2013 §2(9)(b)(5) and (6). Employer argues the Commission's finding of compensability is clearly erroneous because it is inconsistent with the medical evidence and is contrary to law because the treating physician did not confirm an identifiable and significant aggravation incurred in the course and scope of employment.

¶10 Claimant had pre-existing degenerative joint disease in his left hip. Therefore, in order for an injury to his hip to be compensable, Claimant had to show that there was physical damage or harm caused by an on-the-job accident and that his treating physician confirmed an identifiable and significant aggravation. Claimant's emergency room records serve as substantial, competent evidence that he fractured his left femoral head into multiple pieces. His own testimony serves as substantial, competent evidence that this injury occurred as a result of the fall he suffered on the job. His treating physician's statements that there was "some degree of exacerbation that happened with the fall," that Claimant had "extreme pain which is of much greater proportion than he had before the fall," and that Claimant was no longer able to bear weight on the hip, serve as substantial, competent evidence that his treating physician confirmed an identifiable and significant aggravation. Based on this record, we are unable to conclude that the Commission's fact findings were clearly erroneous.

¶11 Employer's second contention is that the Commission's award of surgery is contrary to the law. Under the new Act, an employer is required to provide "medical, surgical, hospital, optometric, podiatric, and nursing services ... as may be reasonably necessary in connection with the injury received by the employee." 85A O.S. Supp. 2013 §50(A). Employer argues the Legislature intended to require a connection between the medical treatment and the injury received while on the job. We agree. However, Employer then states, "This language clarifies that the treatment is not required to be provided if it has been recommended for the injured body part." Employer seems to be arguing that it does not have to pay for a total hip replacement because even before the accident Claimant had received a recommendation to have a total hip replacement. Employer's view is that the total hip replacement cannot be "connected" with the job injury if it was recommended before the job injury and that it is connected only to the pre-existing condition.

¶12 The statute does not so state. As a matter of law, we cannot interpret it, as Employer urges, to mean that post-injury treatment is not "connected" if that treatment was recommended pre-injury. A treatment recommendation can be connected both to a pre-existing condition and to an identifiable and significant aggravation. The statutory test, whether the treatment recommendation is reasonably necessary in connection with the injury received by the employee, is a question of fact. The record contains evidence that hip replacement surgery was reasonably necessary to repair the comminuted fracture of the left femoral head. The Commission's decision that there was a connection between the on-the-job accident and the need for a total hip replacement was neither in excess of its statutory authority nor clearly erroneous.

¶13 The Commission's order is AFFIRMED.

BUETTNER, J., and BELL, J., concur.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2005 OK CIV APP 58, 119 P.3d 1279, YOUNG v. STATE ex rel. DEPT. OF HUMAN SERVICES
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1981 OK 86, 651 P.2d 652, Union Texas Petroleum, A Div. of Allied Chemical Corp. v. Corporation Com'n of State of Okl.
Discussed
Title 75. Statutes and Reports
 Cite
Name
Level

 75 O.S. 322, Setting Aside, Modifying, or Reversing of Orders - Remand - Affirmance
Cited
Title 85A. Workers' Compensation
 Cite
Name
Level

 85A O.S. 2, Definitions
Discussed at Length
 85A O.S. 50, Employer Required to Provide Prompt Medical Treatment - Medical Examination of Employee - Employee Travel Reimbursement - Fee Schedule - Formulary
Cited
 85A O.S. 78, Workers' Compensation Commission - Appeal to Commission - Appeal to Supreme Court
Discussed